ELIZABETH SPILLMAN, Appellant, v. MARION MANLEY, as Executrix, etc., of WILLIAM B. MANLEY, Deceased, Respondent.— Judgment and order reversed on the facts and a new trial granted, with costs to the appellant to abide the event, on the ground that the verdict was inadequate. All concur, except Taylor, J., not voting. (The judgment is for plaintiff in an automobile negligence action. The order denies plaintiff's motion for a new trial.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and McCurn, JJ.

LETTIE CONDON, Appellant, v. MARION MANLEY, as Executrix, etc., of WILLIAM B. MANLEY, Deceased, Respondent.— Judgment and order reversed on the facts and a new trial granted, with costs to the appellant to abide the event, on the ground that the verdict was inadequate. All concur, except Taylor, J., not voting. (The judgment is for plaintiff in an automobile negligence action. The order denies plaintiff's motion for a new trial.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and McCurn, JJ.

JOE ALAIMO and Others, Respondents, v. MICHAEL J. ROSSITER, President and Business Agent, and Others, etc., of International Hod Carriers Building and Common Laborers Union of America, Local 210, Appellants.— Order affirmed, with ten dollars costs and disbursements. All concur. (The order continues upon certain conditions an injunction until the determination of an action to declare invalid nomination resolutions passed at a meeting of a union and to restrain the holding of an election.) Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ.

In the Matter of the Application of MARY E. McMENAMY, Petitioner, for an Order Directed to ARTHUR N. AITKEN, Individually and as Superintendent of Niagara County Sanatorium, Respondent, Directing Him to Reinstate Petitioner, etc.— Determination confirmed, without costs. All concur, except Dowling, J., who dissents and votes for annulling the determination, in the following memorandum: The petitioner was tried on twenty specifications which charged her with incompetency, misconduct, unfitness for the position which she held and with untruthfulness in detailing her complaints to the board of managers of Niagara Sanatorium. The evidence indicates that each charge made by the petitioner has substantial support in the evidence. True the petitioner used language in detailing her complaints that was a little more picturesque than the facts warranted. But the evidence does not warrant a finding that she was guilty of deliberate misstatement in this regard. The important and serious charges lodged against the petitioner are set forth in specifications 8, 10, 14, 17, 18 and 19. The evidence does not sustain these charges and the trier of the fact made no findings in respect thereto. The fact that the petitioner did not attend a clinic a half hour earlier than was the usual practice and that she failed to attend a clinic after she made her charges before the board of managers were minor infractions of duty and not sufficient to warrant removal. The petitioner observed certain practices in the institution which, in her judgment, were inimical to the best interests of the institution and she registered her objections in no uncertain terms. She was too outspoken for her own interests. Is a public servant to be penalized because he or she is outspoken in criticism of improper practices? There is no finding or suggestion that petitioner was not a competent and skillful physician. There is a finding (No. 20) that the petitioner conducted herself in an arrogant, antagonistic and uncooperative manner towards other members of the sanatorium